1
2
3
4
5               **UNITED STATES DISTRICT COURT**
6               **DISTRICT OF NEVADA**
7
8   MARIA ESCOBEDO,                          )
                                             )
9               Plaintiff,                   )    Case No.  2:12-cv-00437-GMN-GWF
                                             )
10  vs.                                      )
                                             )    **ORDER**
11  APPLE NEVADA, LLC,                       )
                                             )    Motion to Set Aside Default (#12)
12              Defendants.                  )
    _____ )
13
14          This matter comes before the Court on Defendant Apple Nevada's ("Defendant") Motion to
15  Set Aside Default (#12), filed on June 7, 2012.  Plaintiff Maria Escobedo ("Plaintiff") did not
16  oppose the instant Motion, but filed a Motion to Enter Default Judgment (#11) on June 4, 2012.
17          Plaintiff asserts claims of retaliation, discrimination, and false documentation under 42
18  U.S.C. § 1983.  Plaintiff filed her Complaint (#1) on March 15, 2012, and summons was returned
19  executed on March 27, 2012.  After Defendant did not timely answer the Complaint, Plaintiff filed
20  a Motion for Entry of Clerk's Default (#8) on May 25, 2012.  The Clerk entered Default (#9) on
21  May 25, 2012.
22          Plaintiff previously filed a Title VII claim against Defendant regarding the same
23  circumstances.  *See Doc. #10* in 2:11-cv-00895-PMP-CWH ("*Escobedo I*").  The District Court
24  granted Defendant's Motion to Dismiss in that case.  *See Doc. #31, Escobedo I.*  Defendant
25  represents that Plaintiff served Defendant with the Complaint for the instant case along with her
26  response to Defendant's motion to dismiss filed in *Escobedo I.*  Defendant further represents that it
27  overlooked the new Complaint, and now moves to set aside the May 25, 2012 Clerk's Default (#9)
28  in this case.

Under Federal Rule of Civil Procedure 55(c), the Court may "set aside an entry of default for good cause."  In determining whether good cause exists, the Court considers (1) whether Defendant engaged in culpable conduct that led to the default, (2) whether Defendant had a meritorious defense, and (3) whether Plaintiff would be prejudiced by reopening the default judgment.  *See U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

Defendant satisfies *Personal Check's* factors.  Defendant represents it inadvertently overlooked the Complaint because it was mailed to Defendant along with a brief for a motion in a different case.  Defendant has sufficiently shown that it did not engage in culpable misconduct.  *See TCI Group Ins. Plan v. Knoebber*, 244 F.3d 691, 697-98 (9th Cir. 2001) ("Neglectful failure to answer[,] negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process[,] is not intentional[.]") (internal quotations omitted).  Defendant also had meritorious defenses to Plaintiff's claims.  First, Defendant argues a binding arbitration agreement with Plaintiff divests this Court of jurisdiction to hear Plaintiff's claims.  Second, it is likely Defendant was not acting under color of state law for the purposes of a section 1983 claim.  *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotations omitted).  Third, Defendant argues res judicata bars Plaintiff's claims, because they were previously dismissed as to Defendant in *Escobedo I*.  Finally, Plaintiff will not be prejudiced if the default is set aside, because there is no prejudice where a party suffers the loss of a quick victory due to default and must resort to litigating on the merits.  *See TCI Group*, 244 F.3d at 700.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Default (#12) is **granted**.

DATED this 2nd day of January, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge

2