1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARIA ESCOBEDO,                                    )
                                                   )
                   Plaintiff,                      )      Case No.  2:12-cv-00437-GMN-GWF
                                                   )
vs.                                                )
                                                   )      **ORDER**
APPLE NEVADA, LLC,                                 )
                                                   )      Motion to Set Aside Default (#12)
                   Defendants.                     )
_____               )

14     This matter comes before the Court on Defendant Apple Nevada's ("Defendant") Motion to

15  Set Aside Default (#12), filed on June 7, 2012.  Plaintiff Maria Escobedo ("Plaintiff") did not

16  oppose the instant Motion, but filed a Motion to Enter Default Judgment (#11) on June 4, 2012.

17     Plaintiff asserts claims of retaliation, discrimination, and false documentation under 42

18  U.S.C. § 1983.  Plaintiff filed her Complaint (#1) on March 15, 2012, and summons was returned

19  executed on March 27, 2012.  After Defendant did not timely answer the Complaint, Plaintiff filed

20  a Motion for Entry of Clerk's Default (#8) on May 25, 2012.  The Clerk entered Default (#9) on

21  May 25, 2012.

22     Plaintiff previously filed a Title VII claim against Defendant regarding the same

23  circumstances.  *See Doc. #10* in 2:11-cv-00895-PMP-CWH ("*Escobedo I*").  The District Court

24  granted Defendant's Motion to Dismiss in that case.  *See Doc. #31, Escobedo I.*  Defendant

25  represents that Plaintiff served Defendant with the Complaint for the instant case along with her

26  response to Defendant's motion to dismiss filed in *Escobedo I.*  Defendant further represents that it

27  overlooked the new Complaint, and now moves to set aside the May 25, 2012 Clerk's Default (#9)

28  in this case.

1    Under Federal Rule of Civil Procedure 55(c), the Court may "set aside an entry of default

2  for good cause."  In determining whether good cause exists, the Court considers (1) whether

3  Defendant engaged in culpable conduct that led to the default, (2) whether Defendant had a

4  meritorious defense, and (3) whether Plaintiff would be prejudiced by reopening the default

5  judgment.  *See U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091

6  (9th Cir. 2010).

7    Defendant satisfies *Personal Check's* factors.  Defendant represents it inadvertently

8  overlooked the Complaint because it was mailed to Defendant along with a brief for a motion in a

9  different case.  Defendant has sufficiently shown that it did not engage in culpable misconduct.  *See*

10  *TCI Group Ins. Plan v. Knoebber*, 244 F.3d 691, 697-98 (9th Cir. 2001) ("Neglectful failure to

11  answer[,] negating any intention to take advantage of the opposing party, interfere with judicial

12  decision-making, or otherwise manipulate the legal process[,] is not intentional[.]") (internal

13  quotations omitted).  Defendant also had meritorious defenses to Plaintiff's claims.  First,

14  Defendant argues a binding arbitration agreement with Plaintiff divests this Court of jurisdiction to

15  hear Plaintiff's claims.  Second, it is likely Defendant was not acting under color of state law for

16  the purposes of a section 1983 claim.  *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40,

17  50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely

18  private conduct, no matter how discriminatory or wrongful.") (internal quotations omitted).  Third,

19  Defendant argues res judicata bars Plaintiff's claims, because they were previously dismissed as to

20  Defendant in *Escobedo I*.  Finally, Plaintiff will not be prejudiced if the default is set aside, because

21  there is no prejudice where a party suffers the loss of a quick victory due to default and must resort

22  to litigating on the merits.  *See TCI Group*, 244 F.3d at 700.  Accordingly,

23    **IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Default (#12) is

24  **granted**.

25    DATED this 2nd day of January, 2013.

26

27  _____
   GEORGE FOLEY, JR.

28  United States Magistrate Judge