# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARIA ESCOBEDO, | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-00437-GMN-GWF |
| vs. | ) | **ORDER** |
| APPLE NEVADA, LLC, | ) | Motion to Compel Arbitration (#31) |
| Defendants. | ) | |

This matter comes before the Court on Defendant Apple Nevada, LLC's ("Apple") Motion to Compel Arbitration (#31), filed on January 28, 2013. Any response was due by February 14, 2013.

Plaintiff asserts claims of retaliation, discrimination, and false documentation against Apple under 42 U.S.C. § 1983. *See Complaint, Doc. #1*. Apple did not timely answer the Complaint, and the Clerk entered a Default (#9) against it. Citing meritorious defenses and excusable neglect, the Court granted Apple's Motion (#12) to set aside the Default. *See Doc. # 22*. Among Apple's potential defenses, the Court noted that a binding arbitration agreement between Plaintiff and Apple may divest the Court of jurisdiction. *See Doc. #22 at 2:13-15*.

Apple now moves to compel arbitration and to stay this action pending resolution of arbitration. The Federal Arbitration Act ("FAA") provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 290 (2002). Under the FAA, 9 U.S.C. §3,

. . .

. . .

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Courts are therefore directed to grant a stay when they determine a claim is to be arbitrated. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The party opposing arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration. *Green Tree Fin. Corp.- Alabama v. Randolph*, 531 U.S. 79, 91 (2000). Furthermore, the Supreme Court has been "clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001). Courts are not limited to granting a stay pending arbitration, however, but may *sua sponte* dismiss a case if all claims are subject to the arbitration agreement. *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988).

   Here, Apple contends all of Plaintiff's claims are subject to mandatory, binding arbitration under an agreement entered into before Plaintiff began employment with Apple. Apple attached to its Motion its Dispute Resolution Program ("DRP"), *See Doc. #31, Exh. A*, and an Agreement and Receipt for DRP signed by Plaintiff and Apple in September of 2008. *See id., Exh. B*. The DRP provides that it "is a condition of [Plaintiff's] employment and is the mandatory and exclusive means by which [] problems may be resolved[.]" *Id., Exh. A*. The DRP explicitly sets forth the claims subject to arbitration: "The legal claims subject to arbitration include [...] tort claims[,]claims for wrongful termination[,] claims for sexual or other illegal harassment or discrimination[,] and claims for retaliation under any law, statute, regulation or ordinance." *Id.* The DRP further provides that "both [Apple] and [Plaintiff] agree that all legal claims and disputes covered by the Agreement must be submitted to binding arbitration[.]" *Id.*

. . .

The Court finds that Apple's Dispute Resolution Program applies to Plaintiff's claims. Based on Apple's unopposed representations that Plaintiff agreed to the DRP and did not follow its enumerated procedures before filing the instant action, the Court also finds that Plaintiff failed to comply with the arbitration agreement.  Furthermore, under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.  The time to oppose the instant Motion has expired, and no opposition has been filed.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Apple Nevada, LLC's Motion to Compel Arbitration (#31) is **granted**.

**IT IS FURTHER ORDERED** that this matter is **stayed** pending resolution of arbitration.

**IT IS FURTHER ORDERED** that Plaintiff shall submit her claims to arbitration in accordance with the Arbitration Agreement entered into between Plaintiff and Defendant.

**IT IS FURTHER ORDERED** that Defendant shall file in writing with the Court a status update regarding any arbitration no later than 90 days from the date of this Order.

**IT IS FURTHER ORDERED** that if arbitration between Plaintiff and Defendant is not completed within 6 months of the date of this Order, the Court will recommend that Plaintiff's Complaint be dismissed.

**IT IS FURTHER ORDERED** that in the event arbitration is completed, an action to confirm an arbitration award may be filed in the district where the award was made or in any district where venue is proper.  *See Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 196 (2000).

DATED this 20th day of February, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge