UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIA ESCOBEDO, )<br>)<br>        Plaintiff, )<br>   vs. )<br>)<br>APPLE NEVADA, LLC, )<br>)<br>        Defendant. )<br>)  | Case No.: 2:12-cv-00437-GMN-GWF<br><br>**ORDER** |

    Pending before the Court is the Motion to Confirm Arbitration Order (ECF No. 49) filed by Defendant Apple Nevada, LLC ("Apple") on July 21, 2014. Plaintiff Maria Escobedo ("Plaintiff"), proceeding *pro se*, filed an Objection (ECF No. 51) to the motion on August 5, 2014, and Apple filed a Reply to the Objection (ECF No. 52) on August 11, 2014.

## I.   BACKGROUND

    Plaintiff filed her Complaint (ECF No. 1) on March 15, 2012, asserting claims of retaliation, discrimination, and false documentation against Apple under 42 U.S.C. § 1983. On January 28, 2013, Apple filed a Motion to Compel Arbitration (ECF No. 31) based upon an agreement between the parties subjecting Plaintiff's claims to mandatory, binding arbitration. (Dispute Resolution Program, Ex. A to Griffin Declaration, ECF No. 31-3). Plaintiff did not timely oppose the motion, and on February 20, 2013, this Court granted the Motion to Compel Arbitration and stayed the case pending resolution of the arbitration. (Order, ECF No. 37).

    In a Status Report (ECF No. 46) filed on February 26, 2014, Apple informed the Court that arbitration was complete and that the arbitrator had dismissed all of Plaintiff's claims on February 12, 2014. Likewise, in a Status Report (ECF No. 48) filed on March 10, 2014, Plaintiff stated that the arbitrator had dismissed all of her claims because she has the same claims pending before the Ninth Circuit in an earlier case.

## II. **LEGAL STANDARD**

The Federal Arbitration Act ("FAA"), 9 U.S.C. section 9, provides that any party to an arbitration award may apply to the court for an order confirming the award if the parties have previously agreed to such action. Section 9 mandates that the court must grant the order confirming the award unless the award is vacated, modified, or corrected, and under section 12, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."

The review of arbitration awards is "extremely limited." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992); *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991). Courts are deferential to the decisions made by arbitrators. *Rostad & Rostad Corp. v. Inv. Mgmt. & Research, Inc.*, 923 F.2d 694, 697 (9th Cir. 1991). "An arbitrator's decision must be upheld unless it is 'completely irrational,' or it constitutes a 'manifest disregard of law.'" *Todd Shipyards Corp.*, 943 F.2d at 1060 (quoting *French v. Merrill Lynch*, 784 F.2d 902, 906 (9th Cir. 1986)).

Section 13 of the FAA provides the procedures required to be undertaken by a party moving for a motion to confirm an arbitration award:

> The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
> (b) The award.
> (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

9 U.S.C. § 13.

## III. **DISCUSSION**

Here, the parties participated in binding arbitration before a reputable arbitrator

facilitated by the American Arbitration Association pursuant to the terms of their agreement. (Mot. to Confirm 4:18-22, ECF No. 49; Agreement and Receipt for Dispute Resolution Program, ECF No. 49-2; Dispute Resolution Program, ECF No. 49-3).  Following a full review of the case, including multiple hearings and filings by the parties, the arbitrator determined that all of Plaintiff's claims must be dismissed. (Arbitrator Order, ECF No. 49-5).  The arbitrator based this ruling on the grounds that Plaintiff's claims were time-barred because of the length of time between the underlying events and the filing of the complaint and that Plaintiff's claims were barred by the doctrine of res judicata because her claims were expressly decided in a prior lawsuit. (*Id.*).

Plaintiff failed to make a motion to vacate, modify, or correct the Arbitrator Order within the three-month statute of limitations.  The arguments Plaintiff raises in her Objection, which relate to the enforceability of the agreement to arbitrate, are irrelevant to the present motion and are nonetheless time-barred.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Confirm Arbitration Order (ECF No. 49) filed by Defendant Apple Nevada, LLC is **GRANTED**.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this 21st day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge